IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOSES B. ANTHONY, pro se,

        Defendant/Petitioner,        Case No. 3:98 CR 817

-vs-

                                                  MEMORANDUM OPINION
UNITED STATES OF AMERICA,                AND ORDER

        Plaintiff/Respondent.

KATZ, J.

      Petitioner, Moses B. Anthony, has filed a motion under 18 U.S.C. § 3582(c (2) to modify or reduce sentence. The Government has filed a response in opposition and the matter is now ripe for a ruling. For the reasons stated below, Petitioner's motion will be dismissed.

      Petitioner was involved in a bank robbery in 1998 in Lima, Ohio. The facts of that matter are set forth under the statement of the case in the Government's opposition. After a plea agreement was entered into between Petitioner and the Government, the Petitioner changed his plea to guilty on both counts of the indictment. He was subsequently sentenced to 92 months on count 1 and 60 months on count 2, to be served consecutively. He appealed to the Sixth Circuit Court of Appeals and that appeal was dismissed because of the waiver of right to appeal included in his plea agreement. In 2003 he filed a motion to vacate judgment under 28 U.S.C. § 2255. That motion was denied.

      The within motion was filed on January 18, 2008, based upon amendment 12 to the United States Sentencing Guidelines relating to Guideline Chapter Four, Criminal History Rules and the counting of multiple sentences and the use of prior offenses in determining a defendant's criminal

history score. It also related to the differential between crack cocaine and powder cocaine. That amendment became effective November 1, 2007. The United States Sentencing Commission ("Commission") lists in Section 1(B)(1).10(c) specific guideline amendments which a court may apply retroactively under 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10(a) explicitly provides that retroactive application of any guideline other than those listed in Subsection (c) is not consistent with the Sentencing Commission's policy statement.

The Sentencing Commission has voted to apply retroactively its Amendment affecting crack cocaine convictions only. However, there is an absence of any retroactive application of Amendment 709, pertaining to criminal history calculations. Accordingly, that portion of the amendments to the Sentencing Guidelines which Petitioner cites in support of his motion does not apply to this case. The Court has no jurisdiction to provide the relief he seeks.

For the foregoing reasons, the motion of the Petitioner to modify or reduce sentence is denied.

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE